Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the deputy commissioner as follows:
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing and in a Pre-trial Agreement dated May 19, 1994 as
STIPULATIONS
1. At the time of the injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time, an employment relationship existed between plaintiff and defendant-employer.
3. Michigan Mutual Insurance Company was the compensation carrier on the risk.
4. Plaintiff's average weekly wage was $228.00, yielding a compensation rate of $152.00.
5. Plaintiff's medical records were stipulated into evidence.
* * * * * * * * * * * * * *
The Full Commission adopts the findings of fact of the deputy commissioner and finds as follows:
FINDINGS OF FACT
1. At the time of the hearing in this matter, plaintiff was twenty-five years old. He has an eighth grade education.
2. Plaintiff began his employment with defendant-employer on May 10, 1993, as a variety saw operator.
3. On May 13, 1993, plaintiff was helping a co-worker, Hubert Porter, empty a box of scrap wood into a dumpster. Pursuant to plaintiff's testimony at the hearing, when plaintiff squatted down to pick up the cart, he experienced severe pain in his mid-back and stomach area. When he mentioned the pain to Mr. Porter, his co-worker advised him not to report the injury because he would be fired from the job. Plaintiff then returned to his work station and shortly thereafter was terminated from his employment with defendant-employer.
4. Plaintiff was treated in the emergency room in the local hospital for severe back strain and was given prescription medicine and advised to rest in bed for a week.
5. Plaintiff sought further medical treatment from Dr. Douglas Blazek on May 21, 1993, at which time he was diagnosed with a hernia on the left side. Surgical repair of the left inguinal hernia was performed by Dr. Robert Kroon on April 15, 1994. Two weeks after the hernia repair surgery, plaintiff was released to return to work with no restrictions. At the time of the hearing in this matter, plaintiff continued to experience pain in his left side and back.
6. Plaintiff failed to meet his burden of proving that he sustained any injury by accident arising out of and in the course of his employment with defendant-employer on May 13, 1993. The co-worker who helped plaintiff unload the wood on the day of the alleged incident testified that no accident occurred and plaintiff said nothing to him about an injury. Plaintiff did not report an injury to his supervisor or to Mac Reeves, the company president, until he returned to the employer's premises approximately 40 minutes after he was fired by Mr. Reeves for safety violations.
7. Plaintiff failed to disclose prior injuries in his recorded statement to the insurance adjuster. He was involved in at least one automobile accident prior to the alleged incident on May 13, 1993, in which he sustained a back injury. He also was given a 15 percent permanent partial disability rating to his back for a prior work-related injury. Plaintiff also failed to disclose in the recorded statement a prior workers' compensation claim in 1992 for injury to his groin and for which Dr. Blazek treated him for inguinal strain. Plaintiff also testified that he was unable to engage in any employment since the time of the alleged injury and had made no attempts to return to work. He later admitted that he had been employed with Triad Electrical Construction as an electrician in March 1994.
8. There is insufficient evidence in the record from which to prove by its greater weight that plaintiff sustained a hernia resulting from an injury arising out of and in the course of his employment with defendant-employer on May 13, 1993. In particular, plaintiff has failed to prove, as is required by N.C. Gen. Stat. 97-2(18), that the hernia or rupture appeared suddenly, that it immediately followed an accident or specific traumatic incident of the work assigned, and that the hernia or rupture did not exist prior to the alleged accident for which compensation is claimed.
9. There is also insufficient evidence in the record from which to prove by its greater weight that plaintiff sustained any injury to his back as a result of an injury arising out of and in the course of his employment with defendant-employer on May 13, 1993.
* * * * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. The hernia and back strain for which plaintiff is claiming compensation were not due to an injury by accident arising out of and in the course of his employment or as the result of a specific traumatic incident of the work assigned. N.C. Gen. Stat. 97-2(18).
2. Plaintiff is, therefore, not entitled to benefits pursuant to the provisions of the North Carolina Workers' Compensation Act. N.C. Gen. Stat. 97-2 et seq.
* * * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. Under the law, plaintiff's claim for compensation must be, and the same is hereby, DENIED.
2. Each side shall pay its own costs.
 S/ _______________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ _______________________ DIANNE C. SELLERS COMMISSIONER
S/ _______________________ J. RANDOLPH WARD COMMISSIONER
BSB:be